[Cite as *Aubry v. Univ. of Toledo Med. Ctr.*, 2010-Ohio-4574.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LAWRENCE AUBRY, et al.

    Plaintiffs

    v.

THE UNIVERSITY OF TOLEDO MEDICAL CENTER f/k/a MEDICAL UNIVERSITY OF OHIO AT TOLEDO

    Defendant
    Case No. 2007-05814

Judge Clark B. Weaver Sr.

<u>AMENDED JUDGMENT ENTRY</u>

{¶ 1}   On July 21, 2010, the court issued a decision wherein the court held "that it was not below the standard of care for Dr. Seal to recommend the green-light laser procedure as a treatment for plaintiff's symptoms.  Nonetheless, the court finds that the care and treatment provided to plaintiff by Dr. Miocinovic, under the direction and supervision of Dr. Seal, fell below the accepted standard of care.  Specifically, the court finds that plaintiff suffered an injury to his external sphincter as the result of a misapplication of the green-light laser and that such mishap caused plaintiff's incontinence."[1]

{¶ 2}   On August 12, 2010, defendant filed a motion requesting that the court amend its decision to include a finding that apportions the percentage of liability between Drs. Miocinovic and Seal pursuant to R.C. 2307.23.  R.C. 2307.23 states as follows:

{¶ 3}   "(A) In determining the percentage of tortious conduct attributable to a

---

[1]In this matter, "plaintiff" shall refer to Lawrence Aubry.

party in a tort action under section 2307.22 or sections 2315.32 to 2315.36 of the Revised Code, the court in a nonjury action shall make findings of fact, and the jury in a jury action shall return a general verdict accompanied by answers to interrogatories, that shall specify all of the following:

{¶ 4} "(1)  The percentage of tortious conduct that proximately caused the injury or loss to person or property or the wrongful death that is attributable to the plaintiff and to each party to the tort action from whom the plaintiff seeks recovery in this action;

{¶ 5} "(2)  The percentage of tortious conduct that proximately caused the injury or loss to person or property or the wrongful death that is attributable to each person from whom the plaintiff does not seek recovery in this action.

{¶ 6} "(B) The sum of the percentages of tortious conduct as determined pursuant to division (A) of this section shall equal one hundred per cent."

{¶ 7}  Defendant's motion is GRANTED.  Upon review of the testimony and evidence adduced at trial, the court finds that plaintiff did not proximately cause or contribute to his injury.  In addition, the court concludes that although Dr. Miocinovic exercised sole control over the foot pedal which activated the laser, Dr. Seal either directed or approved each application of the laser to various areas within plaintiff's urinary tract.  Accordingly, the court apportions the liability for plaintiff's injury equally between Drs. Miocinovic and Seal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Case No. 2007-05814               - 3 -                     AMENDED JUDGMENT
ENTRY

Brian M. Kneafsey Jr.                Thomas W. Gallagher
Assistant Attorney General      400 Toledo Legal Building
150 East Gay Street, 18th Floor    416 North Erie Street
Columbus, Ohio 43215-3130     Toledo, Ohio 43604-5622

SJM/cmd
Filed September 3, 2010
To S.C. reporter September 14, 2010